1  McGREGOR W. SCOTT
   United States Attorney
2  MATTHEW THUESEN
   Assistant United States Attorney
3  501 I Street, Suite 10-100
   Sacramento, CA 95814
4  Telephone: (916) 554-2700
   Facsimile: (916) 554-2900
5

6  Attorneys for Plaintiff
   United States of America
7

8

IN THE UNITED STATES DISTRICT COURT

9

EASTERN DISTRICT OF CALIFORNIA

10

11 | UNITED STATES OF AMERICA,  |  CASE NO. 2:20-CR-10-TLN

12 |                Plaintiff,  |  STIPULATION REGARDING CONTINUING CHANGE OF PLEA DATE AND EXCLUDING
13 |            v.              |  TIME PERIODS UNDER SPEEDY TRIAL ACT; FINDINGS AND ORDER
14 | ANITA VIJAY,               |
                                   DATE: April 2, 2020
15 |                Defendant.  |  TIME: 9:30 a.m.
                                   COURT: Hon. Troy L. Nunley
16

17   This case is set for a change of plea hearing on April 2, 2020. The parties stipulate and jointly

18 request that the Court continue the change of plea hearing to June 11, 2020, at 9:30 a.m., and exclude

19 time under the Speedy Trial Act from March 25, 2020, through June 11, 2020.

20   On March 17, 2020, this Court issued General Order 611, which suspends all jury trials in the

21 Eastern District of California scheduled to commence before May 1, 2020. On March 18, 2020, this

22 Court issued General Order 612, which allows District Judges to continue criminal matters to a date

23 after May 1, 2020. The General Orders were entered to address public health concerns related to

24 COVID-19.

25   Although the General Orders address the district-wide health concern, the Supreme Court has

26 emphasized that the Speedy Trial Act's end-of-justice provision "counteract[s] substantive

27 openendedness with procedural strictness," "demand[ing] on-the-record findings" in a particular case.

28 *Zedner v. United States*, 547 U.S. 489, 509 (2006). "[W]ithout on-the-record findings, there can be no

exclusion under" § 3161(h)(7)(A). *Id.* at 507. And any such failure cannot be harmless. *Id.* at 509; *see also United States v. Ramirez-Cortez,* 213 F.3d 1149, 1153 (9th Cir. 2000) (explaining that a judge ordering and ends-of-justice continuance must set forth explicit findings on the record "either orally or in writing").

Based on the plain text of the Speedy Trial Act—which *Zedner* emphasizes as both mandatory and inexcusable—the General Orders require specific supplementation. Ends-of-justice continuances are excludable only if "the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A). Moreover, no such period is excludable unless "the court sets forth, in the record of the case, either orally or in writing, its reasons for finding that the ends of justice served by the granting of such continuance outweigh the best interests of the public and the defendant in a speedy trial." *Id.*

General Order 611, which General Order 612 supplements, excludes delay in the "ends of justice." 18 U.S.C. § 3161(h)(7) (Local Code T4). Although the Speedy Trial Act does not directly address continuances stemming from pandemics, natural disasters, or other emergencies, this Court has discretion to order a continuance in such circumstances. For example, the Ninth Circuit affirmed a two-week ends-of-justice continuance following Mt. St. Helens' eruption. *Furlow v. United States,* 644 F.2d 764 (9th Cir. 1981). The Court recognized that the eruption made it impossible for the trial to proceed. *Id.* at 767-68; *see also United States v. Correa*, 182 F. Supp. 326, 329 (S.D.N.Y. 2001) (citing *Furlow* to exclude time following the September 11, 2001, terrorist attacks and the resultant public emergency). The coronavirus is posing a similar, albeit more enduring, barrier to the prompt proceedings mandated by the statutory rules.

In light of the societal context created by the foregoing, this Court should consider the following case-specific facts in finding excludable delay appropriate in this particular case under the ends-of-justice exception, § 3161(h)(7) (Local Code T4). If continued, this Court should designate a new date for the change of plea hearing. *United States v. Lewis,* 611 F.3d 1172, 1176 (9th Cir. 2010) (noting any pretrial continuance must be "specifically limited in time"). The parties jointly request that the Court set the new date for June 11, 2020.

**STIPULATION**

Plaintiff United States of America, by and through its counsel of record, and defendant, by and through defendant's counsel of record, hereby stipulate as follows:

1. By previous order, this Court set this matter for a change of plea hearing on April 2. 2020.

2. By this stipulation, the parties jointly request that the Court continue the change of plea hearing to June 11, 2020, and exclude time from March 25, 2020, through June 11, 2020, under Local Code T4.

3. The parties agree and stipulate, and request that the Court find the following:

   a) The government has represented that the discovery associated with this case includes a substantial number of reports and text message communications, as well as other records.

   b) Counsel for defendant desires additional time to continue consulting with his client and otherwise preparing for the change of plea hearing.

   c) The parties believe that failure to grant the above-requested continuance would deny counsel the reasonable time necessary for effective preparation, taking into account the exercise of due diligence, and continuity of counsel.

   d) The government does not object to the continuance.

   e) In addition to the public health concerns cited by General Orders 611 and 612 and presented by the evolving COVID-19 pandemic, an ends-of-justice delay is particularly apt in this case because counsel or other relevant individuals have been encouraged to telework and minimize personal contact to the greatest extent possible. It will be difficult to avoid personal contact should the hearing proceed.

   f) Based on the above-stated findings, the ends of justice served by continuing the case as requested outweigh the best interests of the public and the defendant in a speedy trial.

   g) For the purpose of computing time under the Speedy Trial Act, 18 U.S.C. § 3161, et seq., within which trial must commence, the time period of March 25, 2020, to June 11, 2020, inclusive, is deemed excludable pursuant to 18 U.S.C.§ 3161(h)(7)(A), B(iv) [Local Code T4],

because it results from a continuance granted by the Court at the parties' request on the basis of the Court's finding that the ends of justice served by taking such action outweigh the best interests of the public and the defendant in a speedy trial.

4. Nothing in this stipulation and order shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods are excludable from the period within which a trial must commence.

IT IS SO STIPULATED.

Dated: March 25, 2020　　　　　　　　　　　　McGREGOR W. SCOTT
United States Attorney

/s/ MATTHEW THUESEN
MATTHEW THUESEN
Assistant United States Attorney

Dated: March 25, 2020　　　　　　　　　　　　/s/ BRIAN GETZ (with consent)
BRIAN GETZ
Counsel for Defendant
ANITA VIJAY

## FINDINGS AND ORDER

IT IS SO FOUND AND ORDERED this 25th day of March, 2020.

Troy L. Nunley
United States District Judge